AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | **SOUTHERN DISTRICT OF FLORIDA** |
|---|---|---|
| Name *(under which you were convicted)*: JOSEPH A. SANFILIPPO | | Docket or Case No.: 0:21-cr-60006-RKA-1 |
| Place of Confinement: (Presently on bond) | | Prisoner No.: 32072-509 |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* |
| | V. | JOSEPH A. SANFILIPPO |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    US District Court, Southern District of Florida, Fort Lauderdale Division

    (b) Criminal docket or case number (if you know): 0:21-CR-60006-RKA(1)

2. (a) Date of the judgment of conviction (if you know): 3/28/2022

    (b) Date of sentencing: 3/28/2022

3. Length of sentence: 24 months

4. Nature of crime (all counts):

    18:U.S.C. §1343 Wire Fraud

5. (a) What was your plea?  (Check one)
    (1) Not guilty ☐     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    Counts 2-8 were dismissed.

6. If you went to trial, what kind of trial did you have?  (Check one)     Jury ☐     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

Page 2 of  13

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?  Yes ✓   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Eleventh Circuit
   (b) Docket or case number (if you know): 22-11175
   (c) Result: Dismissed
   (d) Date of result (if you know): 02/08/2024
   (e) Citation to the case (if you know): United States v. Sanfilippo, 91 F.4th 1380 (11th Cir. 2024)
   (f) Grounds raised:

   Joseph A. Sanfilippo appealed his wire fraud conviction, arguing the district court wrongly denied his motion to dismiss due to the indictment being issued after the statute of limitations had expired. However, his appeal was dismissed because the court of appeals concluded that his plea colloquy did not include the requisites for a conditional plea so that he could challenge the indictment's untimeliness on appeal, thereby leaving to post-conviction determination whether the plea should be vacated and a new plea entered.

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐   No ☐
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____
       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

    (4)    Nature of the proceeding: _____

    (5)    Grounds raised:

    (6)    Did you receive a hearing where evidence was given on your motion, petition, or application?

            Yes ☐    No ☐

    (7)    Result: _____

    (8)    Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)    Name of court: _____

    (2)    Docket of case number (if you know): _____

    (3)    Date of filing (if you know): _____

    (4)    Nature of the proceeding: _____

    (5)    Grounds raised:

    (6)    Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes ☐    No ☐

    (7)    Result: _____

    (8)    Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)    First petition:    Yes ☐    No ☐

    (2)    Second petition:    Yes ☐    No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Involuntary and unknowing guilty plea.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant pled guilty based on a misunderstanding of the law regarding his right to raise on appeal that the conviction should be reversed on the ground that his indictment was time-barred as he had contended in his pretrial motion. As the transcript of the plea colloquy reflects, and as defendant attests under oath by this motion, he was advised prior to and at the plea hearing that he could pursue relief from the time-barred indictment consistent with the relief then being sought by another defendant who raised the same issue on appeal (and whose indictment was ultimately dismissed after remand to the district court). Defendant further attests that had he known that his plea was one that the court of appeals would interpret as waiving his right to seek appellate relief on this issue, where a reading of the record indicates that all parties and the trial court proceeded with the understanding that the timeliness argument was not being waived by the appeal, he would not have entered the plea and would have sought to withdraw the plea to seek terms to match his (and his attorney's) understanding or would otherwise have proceeded with a bench or other trial as need in order to preserve the vitally important constitutionally-based issue regarding violation of the statute of limitations.  [ [Please also see attached Addendum in support of this claim.]

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

   Appeal on the ground of plea involuntariness was not raised, where counsel believed there was not such waiver and movant's lack of understanding of his appellate rights was not of record at the time of the appeal.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective assistance of counsel (as an alternative ground or as needed to respond to any claim of procedural default)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel afforded the movant ineffective assistance regarding the plea of guilty in that counsel affirmatively misadvised the movant that with his guilty plea he would have the right to a direct appeal to challenge the indictment as untimely, in violation of the statute of limitations. Appellate counsel afforded the movant ineffective assistance in failing to raise on appeal that the plea of guilty should be vacated if the court of appeals determined that the right to appeal the statute of limitations violation were deemed waived by the appeal.  [Please also see attached Addendum in support of this claim.]

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☐

Page 6 of  13

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel claims are ordinarily not cognizable on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

    (a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

    (b)  **Direct Appeal of Ground Three:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?
           Yes ☐     No ☐

        (2)  If you did not raise this issue in your direct appeal, explain why:

    (c)  **Post-Conviction Proceedings:**

        (1)  Did you raise this issue in any post-conviction motion, petition, or application?
           Yes ☐     No ☐

        (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

        (3)  Did you receive a hearing on your motion, petition, or application?
           Yes ☐     No ☐

        (4)  Did you appeal from the denial of your motion, petition, or application?
           Yes ☐     No ☐

        (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
           Yes ☐     No ☐

AO 243 (Rev. 09/17)

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed:

  Docket or case number (if you know):

  Date of the court's decision:

  Result (attach a copy of the court's opinion or order, if available):

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

 (a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

 (b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐  No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

 (c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
   Yes ☐  No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

      Type of motion or petition: _____

      Name and location of the court where the motion or petition was filed:

_____

      Docket or case number (if you know): _____

      Date of the court's decision: _____

      Result (attach a copy of the court's opinion or order, if available):

_____

_____

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

_____

      Docket or case number (if you know): _____

      Date of the court's decision: _____

      Result (attach a copy of the court's opinion or order, if available):

_____

_____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Claims of ineffective assistance of counsel and involuntary plea were not previously raised or were not effectively raised because this is the first proper opportunity for them to be raised or because ineffective assistance of appellate counsel excuses any claim of procedural default in this context.   [Please also see attached Addendum in explanation of reasons why the claims were not previously raised.]

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☐

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

    _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a)  At the preliminary hearing:
     Humberto Dominguez

    (b)  At the arraignment and plea:
     Humberto Dominguez

    (c)  At the trial:
     Humberto Dominguez

    (d)  At sentencing:
     Humberto Dominguez

    (e)  On appeal:
     Humberto Dominguez

    (f)  In any post-conviction proceeding:
     _____

    (g)  On appeal from any ruling against you in a post-conviction proceeding:
     _____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☐

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

    _____

    (b)  Give the date the other sentence was imposed: _____
    (c)  Give the length of the other sentence: _____
    (d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

Page 11 of  13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The motion was filed within one year following the dismissal of the appeal and therefore is timely.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
   (1)   the date on which the judgment of conviction became final;
   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

grant the motion to vacate conviction and sentence

or any other relief to which movant may be entitled.

                                                  s/ Alyssa M. Altonaga
                                                  Alyssa M. Altonaga,
                                                  Fla. Bar No. 1025089
                                                  333 SE Second Avenue, 20th Floor
                                                  Miami, Florida 33131
                                                  Tel: 786-960-5353
                                                  alyssa@altonagalaw.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct .

Executed (signed) on    3-15-24    (date)

                                                  Signature of Movant

## ADDENDUM – 28 U.S.C. § 2255 CLAIMS

Movant seeks relief from his guilty plea on two alternative and supplementary grounds. First, movant's guilty plea was not knowingly and voluntarily entered where he was misadvised by counsel, understood from statements by the prosecutor at the plea hearing, and actually believed, that he had preserved his right to appeal the denial of his motion to dismiss the indictment based on violation of the statute of limitations. Because he would not have entered the plea without preserving that right and would, if necessary, have gone to trial to preserve that constitutionally-based argument regarding violation of the statute of limitations. Second, movant asserts that his counsel's misadvice to him as to the preservation of his right to contest on appeal the denial of his motion to dismiss and his counsel's failure to raise on appeal the issue of involuntariness of the plea constituted ineffective assistance of counsel in violation of the Sixth Amendment.

1. Movant entered into a plea agreement with the government, the inducement to enter it being, aas explained to him by his counsel and confirmed at least in part by the government at the conclusion of the plea colloquy, that movant was preserving his right to vindicate the claim he made in his motion to dismiss the indictment that the unconsented-to information that the government had filed against him did not toll the statute of limitations and that his indictment was therefore time-barred. Thus, at the conclusion of movant's plea hearing, counsel for the government acknowledged:

> There was a motion to dismiss that was filed on the statute of limitations grounds. That, as you know, is winding its way through the Eleventh Circuit. If it turns out that we were in error by filing an information within the statute of limitations, and that's not appropriate, we will come before the Court and – I'm not sure what the mechanism is at that point, but I believe Mr. Sanfilippo would be exonerated at that point, just as a matter of fundamental fairness.

Plea transcript at 24.

Counsel for the movant had confirmed with movant, in explaining the terms and consequences of the plea agreement, that the government had agreed that movant could pursue on appeal his dismissal argument grounded on the statute of limitations. Thereafter, at sentencing, the district court advised movant, in accordance with the parties' understanding that the matter was going to be appealed with regard to the statute of limitations, that "if the Eleventh Circuit comes down and reverses me, then you got to file a notice for a hearing right away, we'll come in, and Mr.

1

Sanfilippo may never end up spending some time in prison. I don't know. We'll see what happens." Sentencing transcript at 38.

Movant's understanding that the government had concurred in his counsel's advice that movant had not waived the right to pursue the statute of limitations issue—in the only manner jurisdictionally available to him, an appeal—proceeded to appeal on that basis, with his counsel raising the statute of limitations on appeal. However, despite counsel's advice to movant that he had not waived the issue, the court of appeals, citing clear Eleventh Circuit precedent of which movant was not advised, held to the contrary. *United States v. Sanfilippo*, 91 F.4th 1380, 1384–85 (11th Cir. 2024).

Because movant relied fully on his understanding that he had preserved his right to appeal, and in fact was granted an appeal bond precisely so that he could pursue relief on that preserved ground, and because his understanding of the core premise of the plea proved to be wrong, in that the court of appeals concluded that his plea agreement did not qualify to confer jurisdiction on the court of appeals to consider the statute of limitations issue, movant's plea was involuntary. Movant would not have entered into any plea agreement without preserving his right to appeal the denial of his motion to dismiss. And, given the fact that there was a split within the Southern District of Florida on the issue and no resolution yet by the Eleventh Circuit, it was reasonable for movant to take such a position of requiring preservation of the issue, as his counsel advised him to do. The erroneous understanding he operated under was the basis for his guilty plea, without which he would have sought a trial (either a bench trial or, if necessary, a jury trial) to preserve his constitutionally-based statute of limitations argument.

For these reasons, the guilty plea was involuntary under the Fifth Amendment due process clause and should be vacated. *See Finch v. Vaughn*, 67 F.3d 909, 916–17 (11th Cir. 1995) (defendant "entitled to rely" on counsel for advice on crucial issue of whether to plead guilty or proceed to trial); *id.* at 914 (guilty plea's validity in the post-conviction context depends on whether the defendant's decision to plead was entered knowingly and intelligently, and not based on a misunderstanding of the law).

When a defendant enters a guilty plea, he waives a panoply of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243 & n.5 (1969); *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th

Cir. 2005). In order for the waiver of rights to be valid and the plea effective, the record must reflect that the defendant entered the plea knowingly and voluntarily. *Boykin*, 395 U.S. at 242-43 & n.5. "[I]f a defendant's guilty plea is not…voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Id.*, 395 U.S. at 243 n.5 (internal quotation marks omitted).

A guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). To the extent the government chooses to contest the allegations of this petition, an evidentiary hearing is required. *See Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (need for evidentiary hearing where record does not speak for itself) (citing *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987); *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995) (relief for involuntary plea first sought on habeas where grounds learned after sentencing).

2. In addition to the involuntariness claim, movant asserts a claim of ineffective assistance of counsel. In *Strickland v. Washington*, the Supreme Court set forth a two-part test for showing ineffective assistance counsel: (1) "that counsel's performance was deficient," defined as "representation [that] fell below an objective standard of reasonableness," and (2) "that the deficient performance prejudiced the defense" in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 687-88, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Counsel's misadvice to the movant that he was preserving his appellate review rights as to the denied motion to dismiss the indictment constituted ineffective assistance of counsel. Well-established Eleventh Circuit precedent made it clear that absent compliance with the Fed. R. Crim. P. 11 requirements for a conditional plea of guilty, movant's guilty plea waived all prior motions, including the motion to dismiss the indictment. *United States v. Pierre*, 120 F.3d 1153, 1155–56 (11th Cir. 1997).

The same precedent held, and counsel's performance was deficient in failing to adhere to it, that where a conditional plea was not formally, entered despite an understanding that the defendant was believed to be preserving a dispositive motion such as the motion to dismiss in this case, appellate counsel was required to raise on appeal the mistaken premise of the plea so that the case

3

could be remanded to the district court for further plea or other proceedings. By failing to conform to that binding Eleventh Circuit precedent, appellate counsel forfeited movant's right to reversal of the conviction and caused the court of appeals to disregard untimely arguments later made by counsel regarding the involuntariness and mistaken premise of the guilty plea. *See United States v. Sanfilippo*, 91 F.4th 1380, 1385 n. 4 (11th Cir. 2024) ("Sanfilippo did not argue that his plea was unknowing and involuntary until oral argument") (citing *Pierre*, 120 F.3d at 1156 (where counsel raised voluntariness issue on appeal, remand was required consistent with defendant's due process rights)).

The Sixth Amendment right to effective assistance of counsel extends to those stages of the proceedings involving the entry of a guilty plea. *See*; *e.g.*, *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), *Padilla v. Kentucky*, 559 U.S. 355, 130 S.Ct. 1473 (2010). Counsel has an obligation to represent a defendant effectively in plea decisions and negotiations and to keep his client informed of pertinent matters. *See Finch v. Vaughn*, 67 F.3d 909, 916–17 (11th Cir. 1995) (defendant "entitled to rely" on counsel for advice on crucial issue of whether to plead guilty or proceed to trial); *Williams v. Taylor*, 120 S.Ct. 1495, 1513 (2000) (requiring "straightforward application" of *Strickland* "when counsel's ineffectiveness deprives defendant of a substantive or procedural right to which the law entitles him"). Adequate consultation between attorney and client is an "essential element of competent representation of a criminal defendant." *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (citing *Coles v. Payton*, 389 F.2d 224, 225–26 (4th Cir. 1968)); *Adams v. Balkcom*, 688 F.2d 734, 738 (11th Cir. 1982); *United States v. Porterfield*, 624 F.2d 122, 124 (10th Cir. 1980)); *see also Goodwin v. Balkcom*, 684 F.2d 794, 805 (11th Cir. 1980); *Wood v. Zahradnick*, 578 F.2d 980, 982 (4th Cir. 1978). Consultation must insure the exchange of all legally relevant information. *Tucker*, 716 F.2d at 581 –82.

When a defendant has pled guilty, he can show deficient performance by demonstrating that his counsel did not provide him "with an understanding of the law in relation to the facts, so that [he] may make an informed and conscious choice" between pleading guilty and going to trial. *See Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir. 1991) (quotation omitted). He "can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 582 U.S. ——, 137 S.Ct.

4

1958, 1965, 198 L.Ed.2d 476 (2017). "[I]t is sufficient that a petitioner must show only a reasonable probability that the outcome would have been different; he need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Brownlee v. Haley*, 306 F.3d 1043, 1059-60 (11th Cir. 2002) (internal quotation omitted); *see DeLuca v. Lord*, 77 F.3d 578, 590 (2d Cir. 1996) ("The *Strickland* test does not require certainty that the result would have been different."). An evidentiary hearing is essential to resolution of such a claim. *Slicker v. Wainwright*, 809 F.2d 768, 769 (11th Cir. 1987) (attorney's misrepresentation to defendant regarding merits of plea may constitute ineffective assistance of counsel; reversing denial of evidentiary hearing).

"'It is well established that a habeas petitioner is entitled to an evidentiary hearing on a claim if he or she alleges facts that, if proved at the hearing, would entitle petitioner to relief.'" *Meeks v. Singletary*, 963 F.2d 316 (11th Cir. 1992) (quoting *James v. Singletary*, 957 F.2d 1562, 1573 n. 17 (11th Cir. 1992)). "When evaluating this probability, 'a court hearing an ineffectiveness claim must consider the totality of the evidence.'" *Brownlee*, 306 F.3d at 1060 (quoting *Strickland*, 466 U.S. at 695, 104 S.Ct. at 2069). The courts recognize that trial records are "often incomplete or inadequate" for the purposes of an ineffective assistance claim. *Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). And a guilty plea does not bar claims of ineffective assistance of counsel in deciding whether to plead guilty or go to trial. *See Lee*, 137 S.Ct. at 1965.

Because counsel misinformed him of a key premise of the plea, and because movant would not have pled guilty if he had been properly informed, relief is required. *See Diaz*, 930 F.2d at 834 (need for evidentiary hearing where record does not speak for itself). A movant's allegations simply cannot be summarily rejected as "self-serving." *Gallego v. United States*, 174 F.3d 1196, 1198–99 (11th Cir. 1999) (reversing denial of § 2255 challenge based on counsel's failure to properly advise defendant that he had constitutional right to testify that only he could waive, where district court found that case boiled down to "defendant's word against that of counsel"; rejecting reliance on Seventh Circuit's view, as stated in *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991), and holding that "[t]he fact that defendant's testimony is uncorroborated is not enough standing alone to support a credibility finding.").

5